UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN A. SEWELL,<br><br>Plaintiff,<br><br>v.<br><br>FRANKLIN CREDIT MANAGEMENT CORPORATION, et al.,<br><br>Defendants. | No. 2:24-cv-1788-TLN-DB<br><br>**ORDER** |

This matter is before the Court on Plaintiff Marvin A. Sewell's ("Plaintiff") *Ex Parte* Application for Temporary Restraining Order ("TRO"). (ECF No. 3.) For the reasons set forth below, the Court DENIES Plaintiff's application.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On October 18, 2006, Plaintiff executed a Home Equity Line of Credit Mortgage Loan Note (the "Loan") in the amount of $65,000. (ECF No. 1 at 7.) The Loan was secured by property located at 8217 Oakbriar Circle, Elk Grove, California, 95758 (the "Subject Property") by a Deed of Trust recorded with the Sacramento County Recorder's Officer on October 23, 2006. (*Id.*) At some point after the Loan was executed, Plaintiff experienced financial hardship, had challenges making payments on the Loan, and Defendants ceased providing Plaintiff with monthly mortgage statements. (*Id.* at 8.)

On February 7, 2024, Defendants recorded a Notice of Default.  (*Id.*)  On May 24, 2024, Defendants recorded a Notice of Trustee's Sale, scheduling a foreclosure sale of the Subject Property on June 27, 2024.  (ECF No. 3-2.)  Plaintiff alleges Defendants never sent him the Notice of Default or the Notice of Trustee's Sale.  (ECF No. 3-1 at 14.)

Plaintiff commenced this action in Sacramento County Superior Court on June 17, 2024.  (*Id.* at 5.)  Defendants removed the action to this Court based on federal question jurisdiction on June 25, 2024.  (*Id.* at 1.)  Plaintiff filed the instant *ex parte* application for a TRO on June 27, 2024, hours before the foreclosure sale is scheduled to take place at 1:30 pm.  (ECF No. 3.)

## II.    STANDARD OF LAW

A temporary restraining order is an extraordinary remedy.  The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing.  *See* Fed. R. Civ. P. 65.  In general, "[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions." *Aiello v. One West Bank*, No. 2:10-cv-0227- GEB-EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) (internal citations omitted); *see also* L.R. 231(a).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).  "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *see also Costa Mesa City Emps. Ass'n v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305 (2012) ("The purpose of such an order is to preserve the status quo until a final determination following a trial."); *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy.").

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20.  A plaintiff must "make a showing on all four prongs" of the *Winter* test

1 to obtain a preliminary injunction. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In evaluating a plaintiff's motion for preliminary injunction, a district court may weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the plaintiff shows that there are "serious questions on the merits . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, Plaintiffs must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in Plaintiffs' favor in order to succeed in a request for preliminary injunction. *Id.* at 1134–35.

### III.  ANALYSIS

Eastern District of California Local Rule 231(b) provides that "the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order." Should the Court find such a delay, the Court may deny the requested TRO on those grounds alone. L.R. 231(b).

In the instant case, Plaintiff fails to sufficiently explain why he did not seek injunctive relief earlier. Plaintiff alleges he was never notified of the Notice of Default or the Notice of Trustee's Sale. However, Plaintiff fails to allege how or when he became aware of the pending foreclosure sale. Defendants allegedly recorded the Notice of Default in February 2024 and the Notice of Trustee's Sale in May 2024. Yet Plaintiff did not seek a TRO to enjoin the foreclosure sale until June 27, 2024, hours before the foreclosure sale is scheduled to take place. Plaintiff arguably had constructive notice of the foreclosure proceedings months ago. *See Deck v. Wells Fargo Bank, N.A.*, No. 17CV00234MCEKJNPS, 2017 WL 499224, at *2 (E.D. Cal. Feb. 6, 2017) (finding a plaintiff unduly delayed filing a TRO when a Notice of Default was recorded nine months earlier).

In addition, Plaintiff could have sought injunctive relief when he filed his Complaint in state court on June 17, 2024. At the very least, Plaintiff could have sought relief when Defendant removed the action on June 25, 2024, which would have provided the Court with more than a few

hours to consider Plaintiff's request and may have afforded Defendants an opportunity to respond.

For these reasons, the Court exercises its discretion under Local Rule 231(b) to deny Plaintiff's application for last-minute relief as Plaintiff's delay contradicts his allegations of irreparable injury. *See Mammoth Specialty Lodging, LLC v. We-Ka-Jassa Inv. Fund, LLC*, No. CIV-S10-0864-LKK-JFM, 2010 WL 1539811, at *2 (E.D. Cal. Apr. 16, 2010) (denying a TRO application solely based on Local Rule 231(b) because "plaintiff did not file the motion until four business days before the scheduled foreclosure sale"); *Avila v. Citi Mortg. Inc.*, No. 1:17-cv-1581-LJO-BAM, 2017 WL 5871473, at *1 (E.D. Cal. Nov. 29, 2017) (finding it appropriate to deny plaintiff's TRO request under Local Rule 231(b) because plaintiff failed to "explain why he waited until the last possible moment to attempt to block the sale.").

### IV.  CONCLUSION

For the reasons set forth above, Plaintiff's *Ex Parte* Application for Temporary Restraining Order is DENIED. (ECF No. 3.)

IT IS SO ORDERED.

Date:  June 27, 2024

_____
Troy L. Nunley
United States District Judge