UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN A. SEWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRANKLIN CREDIT MANAGEMENT CORPORATION; BOSCO CREDIT, LLC; and PRESTIGE DEFAULT SERVICES, LLC,<br><br>　　　　Defendants. | No. 2:24-cv-1788-TLN-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

　　Plaintiff Marvin Sewell is proceeding pro se in this action, which was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). This action concerns a dispute about Plaintiff's mortgage and a foreclosure process. Defendants' motion to dismiss nine of Plaintiff's ten claims is pending before the court (ECF No. 6).[1] For the reasons stated below, the court recommends the motion to dismiss be granted without leave to amend as to the fifth and sixth causes of action; granted with leave to amend the first, second, and third causes of action; granted as to the seventh, ninth, and tenth causes of action with leave to reassert them after such amendment; and denied as to the eighth cause of action.

---

[1] Defendants do not move to dismiss the fourth case of action. ECF No. 6 at 2. Accordingly, Plaintiff's response as to this cause of action (ECF No. 9 at 7-8) is disregarded.

1

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff commenced this action on June 17, 2024, in the Sacramento County Superior Court. ECF No. 1 at 5. Defendants removed the case to this Court on June 25, 2024. ECF No. 1.

The Complaint alleges that on October 23, 2006, Plaintiff executed a $65,000 Mortgage Loan Note and Deed of Trust ("Loan") secured by his property at 8217 Oakbriar Circle, Elk Grove, CA 95758 ("Property"). ECF No. 1 at 7 (Compl. at ¶ 11). The original creditor assigned its interest in this Loan to Defendant Bosco Credit, LLC. Compl. at ¶ 12.

The Deed of Trust ("DOT") securing the Loan required written notice to the borrower's address. Compl. at ¶ 14. Notwithstanding, the Complaint alleges that when Defendants issued a Notice of Default ("NOD") on February 7, 2024, they failed to send it to Plaintiff as the DOT required. Compl. at ¶¶ 15-16. Instead of giving him the chance to cure his default, Defendants foreclosed on the Property and chose to pursue a Trustee Sale in violation of the DOT. Compl. at ¶¶ 17-18. The Complaint argues such foreclosure is therefore void. Compl. at ¶ 18.

Based on these facts, the Complaint alleges the following causes of action: (1) breach of contract, (2) negligence, (3) breach of the covenant of good faith and fair dealing, (4) violation of 12 C.F.R. § 1026.41, (5) violation of California Civil Code § 2924(a)(1), (6) violation of California Civil Code § 2924c(b)(1), (7) wrongful foreclosure, (8) violation of California Business & Professions Code § 17200 *et seq.*, (9) cancellation of instruments, and (10) declaratory relief. ECF No. 1 at 9-24. The Complaint seeks damages in excess of $25,000, an order cancelling the NOD and Notice of Trustee Sale and striking both from the public record, a declaration of the rights and duties of the parties with respect to the Property, an injunction preventing the foreclosure of the Property, and attorney's fees and costs. ECF No. 1 at 25.

Defendants filed the instant motion to dismiss on July 2, 2024. ECF No. 6. District Judge Troy Nunley issued an order for Plaintiff to show cause as to why he failed to timely oppose the motion. ECF No. 7. Plaintiff filed an opposition to the motion to dismiss on August 1, 2024, and a declaration from Plaintiff's then-counsel explaining that he had miscalendared the deadline for such an opposition. ECF Nos. 9-10. Judge Nunley vacated the order to show cause on August 6, 2024. ECF No. 11. Defendants replied to the opposition on August 8, 2024. ECF No. 13. On

August 23, 2024, pursuant to a motion by Plaintiff's then-counsel, Judge Nunley approved counsel's withdrawal and referred the case, including this motion, to the undersigned. ECF Nos. 14, 16.

## LEGAL STANDARD

A defendant may move to dismiss a claim under Rule 12(b)(6) if the allegation "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense," *Iqbal*, 556 U.S. at 679, and to "draw all reasonable inferences in favor of the nonmoving party." *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (internal quotation marks omitted). Stating a claim "requires more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.

On a Rule 12(b)(6) motion, the court may consider all materials incorporated into the complaint by reference, as well as evidence properly subject to judicial notice. *Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617-18 (9th Cir. 2022). "Ultimately, dismissal is proper under Rule 12(b)(6) if it appears beyond doubt that the non-movant can prove no set of facts to support its claims." *Boquist*, 32 F.4th at 773–74 (internal citation and quotation marks omitted) (cleaned up).

A pro se plaintiff's factual allegations are interpreted liberally on a 12(b)(6) motion, and the court must apply a less stringent pleading standard than if the plaintiff was represented by counsel. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). This rule of lenity does not apply, however, if a plaintiff is currently pro se but was represented by counsel both when filing the complaint and when responding to the motion to dismiss. *McQueen v. Ala. Dep't of Trans.*, 17-

3

CV-0215, 2018 WL 2709319, at *4 (M.D. Ala. June 5, 2018).

The court may dismiss for failure to state a claim when the allegations of the complaint and judicially noticeable materials establish an affirmative defense or other bar to recovery, such as the expiration of the statute of limitations. *See Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *see also Goddard v. Google Inc.*, 640 F. Supp. 2d 1193, 1199, n. 5 (N.D. Cal. 2009) (noting that "affirmative defenses routinely serve as a basis for granting Rule 12(b)(6) motions where the defense is apparent from the face of the [c]omplaint"). However, dismissal under Rule 12(b)(6) is improper if the allegations of the complaint and judicially noticeable materials concerning the defense raise disputed issues of fact. *ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam)).

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *In re Doe*, 58 F.3d 494, 497 (9th Cir. 1995)). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

**ANALYSIS**

**I.   Judicial Notice, Incorporation by Reference, and the Fact of Plaintiff's Default**

Defendants request judicial notice of (1) the NOD, recorded with the Sacramento County Clerk on February 7, 2024 (ECF No. 6-1 at 4-8) and (2) the Notice of Trustee Sale, recorded May 24, 2024 (ECF No. 6-1 at 10-11).

A court may judicially notice facts when they are "not subject to reasonable dispute because," *inter alia*, they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). This includes property documents that are recorded with the county clerk. *See Hotel Emples. & Rest. Emples. Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 977-78 (N.D. Cal. 2005).

Plaintiff does not object to judicial notice of the Notice of Trustee Sale. As to the NOD,

4

1   he argues that this court can only take judicial notice that an NOD exists and was recorded, not of
2   its contents. ECF No. 9 at 7 (citing *Fontenot v. Well s Fargo Bank, N. A.,* 198 Cal.App.4th 256,
3   264-67 (Cal. Ct. App. 2011)). The court in *Fontenot* held that judicial notice can encompass "a
4   document's recordation, the date the document was recorded and executed, the parties to the
5   transaction reflected in a recorded document, and the document's legally operative language,
6   assuming there is no genuine dispute regarding the document's authenticity." 198 Cal.App.4th at
7   265. If the legal effect of the document is clear on its face based on these facts, the court can also
8   judicially notice such effect. *Id.* The court distinguished this from taking judicial notice of any
9   statement of facts in said document or accuracy thereof. *Id.* at 267.
10       Similarly, here Plaintiff contends that the Court should not rely on the NOD to conclude
11  that Plaintiff defaulted on the DOT. ECF No. 9 at 7. The Complaint undercuts this argument,
12  however, by admitting that Plaintiff struggled to make the mortgage payments required
13  thereunder. Compl. at ¶ 13. Moreover, the truth of the matters contained in the NOD will be
14  assumed under the incorporation by reference doctrine.
15       If a complaint "necessarily relies" on a particular document, the court may consider its
16  contents when ruling on a motion to dismiss if "(1) the complaint refers to the document; (2) the
17  document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy
18  attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citing
19  *Branch v. Tunnell,* 14 F.3d 449, 453–54 (9th Cir.1994)). The document is then treated as part of
20  the complaint, and its contents generally assumed to be true for purposes of the motion to dismiss.
21  *Marder*, 450 F.3d 445 (quoting *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003)). This
22  presumption does not apply, however, when assuming the truth of the incorporated documents
23  "only serve[s] to dispute facts stated in a well-pleaded complaint[.]" *Sgro v. Danone Waters of N.*
24  *Am., Inc.,* 532 F.3d 940, 942, n.1 (9th Cir. 2008).
25       Plaintiff attaches a copy of the NOD to his Complaint. ECF No. 1 at 43-47. He then
26  admits that the copy attached to the motion to dismiss is more accurate, insofar as he agrees to
27  dismiss two claims based on language not reflected in the Complaint's copy. ECF Nos. 6 at 6, 6-
28  1 at 3-8, 9 at 8. As with judicial notice, to the extent that Plaintiff contests whether the NOD

5

1  accurately reflects default, his own Complaint admits that he struggled to make payments on
2  time.  Compl. at ¶ 13.
3        Judicial notice of the Notice of Trustee sale is granted.  Whether through judicial notice or
4  incorporation into the Complaint, the statements in the NOD are treated as true.

5  **II.    Conceded Causes of Action**

6        The fifth and sixth causes of action cite sections of the California Civil Code that require
7  any recorded NOD to include specific information or statements.  *See* Compl. ¶¶ 65, 76; Cal. Civ.
8  Code §§ 2924(a)(1), 2924c(b)(1).  Based on the copy of the NOD attached to the Complaint,
9  Plaintiff argued that the NOD lacked this information.  ECF No. 1 at 16, 19, 44-47.  Based on the
10 copy of the NOD attached to Defendants' motion, Defendants argue that the NOD did in fact
11 include the require language.  ECF Nos. 6 at 6, 6-1 at 4-5.  The court need not discuss this in
12 detail because Plaintiff does not oppose the motion as to these causes of action.  ECF No. 9 at 8.
13 The court therefore recommends that the motion to dismiss the fifth and sixth causes of action be
14 GRANTED without leave to amend.

15 **III.    First, Second, and Third Causes of Action**

16       Plaintiff's breach of contract, negligence, and implied covenant of good faith and fair
17 dealing claims are closely related and therefore considered together.  The Complaint first alleges
18 breach of contract based on Paragraph 8 of the DOT, which required the lender to send any
19 relevant notice to Plaintiff by first-class mail or actual delivery to the appropriate address, which
20 is the Property's address by default.  Compl. at ¶¶ 25-27.  The Complaint argues that because
21 Defendants failed to provide Plaintiff such notice of the NOD, any trustee sale thereunder is void.
22 *Id.* at ¶¶ 28-29.  The Complaint then alleges negligence based on the same failure to comply with
23 Paragraph 8 of the DOT, depriving Plaintiff of the chance to cure any default thereunder as a
24 result.  *Id.* at ¶¶ 35-43.  Finally, the Complaint alleges that pursuing a trustee's sale without
25 proper notice, when the amount of default at issue is less than a third of the Property's value,
26 violates the implied covenant of good faith and fair dealing that attaches to all contracts.  *Id.* at ¶¶
27 46-50.
28 ////

The elements of a claim for breach of contract are "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (Cal. 2011) (citing *Reichert v. General Ins. Co.,* 68 Cal.2d 822, 830 (Cal. 1968)). Aside from its express terms, every contract includes an implied covenant of good faith and fair dealing, wherein the parties agree not to "do anything which will injure the right of the other to receive the benefits of the agreement." *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 573 (Cal. 1973) (quoting *Comunale* v. *Traders & General Ins. Co*. 50 Cal.2d 654, 658 (Cal. 1958)). The purpose of the contract will dictate the "precise nature and extent of the duty imposed by" the implied covenant. *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal. 3d 809, 818 (Cal. 1979). Critically, however, while the implied covenant requires fairness in the application of contract terms, it cannot alter those terms to prohibit something that is normally allowed. *Guz v. Bechtel National, Inc.*, 24 Cal. 4th 317, 327 (Cal. 2000). A claim for breach of the implied covenant also fails if based on the same allegations as a direct claim for breach of contract. *Id.*

"In order to prove facts sufficient to support a finding of negligence, a plaintiff must show that the defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." *Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 629 (Cal. 2013) (alterations omitted).

### A.   The DOT as a Contract

As to the first and third causes of action, Defendants argue that a DOT is not a contract under which Plaintiff can sue for either breach thereof or violation of any covenant of good faith and fair dealing. ECF No. 6 at 5 (citing *Faria v. PNC Bank Nat'l Ass'n*, No. 2:23-cv-02023-DAD-CSK, 2024 WL 1623419, at *6 (E.D. Cal. Apr. 15, 2024); *Carter v. Sables, LLC*, No. 3:17-cv-00594-MMD-WGC, 2017 WL 6328157, at *4 (D. Nev. Dec. 11, 2017)). Plaintiff argues that aside from case law to the contrary, the rights and obligations under a DOT would be meaningless if Defendants were correct. ECF No. 9 at 7 (citing *Hatch v. Collins*, 225 Cal.App.3d 1104, 1111 (Cal. App. Ct. 1990); *Susilo v. Wells Fargo Bank, N.A.,* 796 F. Supp. 2d 1177, 1189 (C.D. Cal. 2011); *Olmstead v. ReconTrust Co.,* 852 F.Supp.2d 1318, 1322 (D. Or. 2012)).

1    While there is split authority on the question, the undersigned concludes that a DOT is a
2    contract. The status of a DOT as a contract is a question of state law, and the *Hatch* court appears
3    to have reiterated the law on that question by holding that a DOT is "a contract between
4    the *trustor* and the *beneficiary*[.]" 225 Cal.App.3d at 1111 (emphasis original) (citing
5    *Garfinkle* v. *Superior Court*, 21 Cal.3d 268, 277 (Cal. 1978)). Based on this holding, a judge in
6    the Central District held in *Susilo* that a beneficiary's refusal to disclose the reinstatement amount
7    for a deed of trust may constitute a breach thereof. 796 F. Supp. 2d at 1189 (citing *Hatch*, 225
8    Cal.App.3d at 1111).

9    Other courts have disagreed. A judge in *Carter* held that a DOT "is not a contract between
10   a borrower and lender[,]" but a "document conveying an interest in real property as security for
11   performance of an obligation under a contract." 2017 WL 6328157, at *4 (citing Restatement
12   (Third) of Property (Mortgages) § 1.1 (Am. Law Inst. 1997)). It therefore dismissed with
13   prejudice a claim for breach of contract based on the DOT in that case. *Id.* A judge of this
14   District quoted *Carter* when finding that a complaint that quotes portions of a DOT has not pled
15   sufficient facts to support a claim for breach of contract. *Faria*, 2024 WL 1623419, at *6.
16   However, neither case cites *Hatch* or explains why its conclusion about the status of DOT's
17   should not be followed.

18   In this case, the DOT provides sufficient basis to bring claims for breach of contract and
19   violation of the implied covenant of good faith and fair dealing.

20   B.    Duties Under the DOT

21   Independent of whether the DOT is a contract, Defendants argue that the DOT did not
22   expressly require them to send Plaintiff notice of the NOD. ECF No. 6 at 5. In any case,
23   Defendants further argue, Plaintiff cannot plead performance of the DOT because his default led
24   to the recording of the NOD. *Id.* (citing ECF No. 6-1 at 4-8).

25   Plaintiff responds that Paragraph 8 of the DOT governs notice given "in connection with
26   this Security Instrument[,]" which would include the NOD. ECF No. 9 at 6 (citing ECF No. 1 at
27   30). The court agrees that the NOD qualifies as a notice given "in connection with" the DOT that
28   Plaintiff allegedly defaulted on. *See* ECF No. 1 at 30. Because the DOT is a contract, as

8

1  discussed above, it requires Defendants to serve the NOD by either first class mail or delivery to
2  the Property address.  Nor do Defendants challenge whether the DOT can create a duty of care for
3  purposes of the negligence claim.
4      Plaintiff further argues that because the allegations of a Complaint are deemed true when
5  ruling on a motion to dismiss, he does not need to establish his full performance under the DOT.
6  ECF No. 9 at 6-7.  The Complaint does, at minimum, allege that Plaintiff "fully performed under
7  the Note and Deed of Trust, or performance was prevented by the actions of Defendants, and was
8  therefore excused." *Id.* at 7 (quoting Compl. at ¶ 31).  However, as explained above, the contents
9  of the NOD are taken as true at this stage in the case and demonstrate his nonperformance under
10 the DOT.  Defendants further note that earlier in Plaintiff's opposition brief, he concedes that his
11 nonperformance was due to financial hardship rather than any act or omission by any Defendant.
12 ECF No. 13 at 2 (citing ECF No. 9 at 3).
13     Plaintiff oversimplifies the standard of review and how it applies to affirmative defenses.
14 It is true that a plaintiff need not allege sufficient facts to address every affirmative defense that
15 might be raised to defeats the claims a complaint raises.  Dismissal is proper, however, when the
16 complaint's own allegations plus incorporated or judicially noticed materials demonstrate that
17 recovery is barred.  *See Sams*, 713 F.3d at 1179 (quoting *Jones*, 549 U.S. at 215).  If the
18 allegations unequivocally demonstrate that Plaintiff did not satisfy an element of his claim, even
19 one the court might otherwise presume was met, the motion to dismiss such a claim should be
20 granted.
21     As a document incorporated into the Complaint, the NOD can serve as proof of Plaintiff's
22 nonperformance under the DOT.  Plaintiff admits in the Complaint that he struggled to make
23 payments on time.  Compl. at ¶ 13.  Although the Complaint then alleges that Defendants did not
24 provide Plaintiff with monthly mortgage statements as the DOT required, Plaintiff does not
25 explain how this frustrated his ability to make payments or otherwise excuses his
26 nonperformance.  *Id*.  The subsequent allegation that Plaintiff either performed under the DOT or
27 was only prevented from doing so by Defendants' actions, by comparison, is a conclusory
28 statement the court need not assume to be true.  *See* Compl. at ¶ 31.

9

Because of his own nonperformance, Plaintiff has failed to establish that Defendants' purported breach of the DOT entitles him to recovery under either contract or tort law. The court therefore recommends dismissal of the first three causes of action.

C. Leave to Amend

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar*, 698 F.3d at 1213.

As discussed above, the first three causes of action should be dismissed because Plaintiff has failed to show that he either performed under the DOT or was excused from doing so. However, Plaintiff does allege that Defendants previously breached the DOT by not providing monthly mortgage statements. *See* Compl. at ¶ 13. While insufficient on its own, this suggests that Plaintiff may be able to amend his complaint to explain why Defendants' conduct prior to the NOD excused Plaintiff's duty to make timely payments under the Loan. Leave to amend should therefore be granted to allege such excuses for nonperformance.

**IV. Derivative Causes of Action**

When a claim is solely derivative of another claim, dismissal of the predicate claim merits dismissal of the derivative claim. California Business and Professions Code §§ 17200 *et seq.*, or the Unfair Competition Law ("UCL"), "borrows violations of other laws and treats them as … independently actionable." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (quoting *Cel-Tech Commc'ns, Inc. v. LA. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (Cal. 1999)). As an example of how this works, the complaint in *Nat'l Funding, Inc. v. Commercial Credit Counseling Services* alleged both a standalone claim for intentional interference with contractual relations and a UCL claim based on the same intentional interference. 817 Fed. Appx. 380, 383 (9th Cir. 2020). Because the claim for intentional interference with contractual relations was dismissed for failure to plead sufficient facts, the UCL claim was dismissed as derivative of the dismissed claim. *Id.* at 383-84.

Defendants argue that the seventh, ninth, and tenth causes of action should be dismissed solely because they are derivative of the first, second, third, fifth, and sixth causes of action. ECF

1  No. 6 at 6.  The court agrees, but notes that leave to amend the first three causes of action should
2  be granted.  *See supra*.  Dismissal of only some of the predicate claims is insufficient to
3  demonstrate that the derivative claims should be dismissed.  Accordingly, Plaintiff should be
4  allowed to reassert these causes of action upon amendment of the first, second, or third cause of
5  action.

6  Defendant then argues that the eighth cause of action is also derivative of the fifth and
7  sixth causes of action, which the parties have agreed to dismiss.  *See supra*; ECF No. 6 at 6; ECF
8  No. 9 at 8.  Plaintiff responds that this cause of action is derivative of the first three causes of
9  action.  ECF No. 9 at 8.

10  The eighth cause of action is a UCL claim based on Defendants' alleged violations of 12
11  C.F.R. § 1026.41 and California Civil Code §§ 2924(a)(1) and 2924c(b)(1).  Compl. at ¶¶ 91-93.
12  The cited violations mirror the allegations of the fourth, fifth, and sixth causes of action.  ECF
13  No. 1 at 14, 16-17.  Although the parties agree to the dismissal of the fifth and sixth causes of
14  action, Defendants do not even seek dismissal of the fourth cause of action.  ECF No. 6 at 2.  The
15  alleged violation of 12 C.F.R. § 1026.41 is sufficient to plead a claim under the UCL.

16  The motion to dismiss should be denied as to the eighth cause of action, but granted as to
17  the seventh, ninth, and tenth, with leave to reassert these claims as appropriate upon amendment
18  of the first, second, or third cause of action in accordance with the court's order.

## CONCLUSION

Accordingly, **IT IS HEREBY RECOMMENDED THAT**:

1. Defendant's Motion to Dismiss (ECF No. 6) be
   a. GRANTED as to the fifth and sixth causes of action WITHOUT LEAVE TO AMEND;
   b. GRANTED as to the first, second, and third causes of action WITH LEAVE TO AMEND;
   c. DENIED as to the eighth cause of action; and
   d. GRANTED as to the seventh, ninth, and tenth causes of action, but WITH LEAVE TO REASSERT these claims upon amendment of the first, second, or

1 | third cause of action in accordance with the court's order.

2 | These findings and recommendations are submitted to the United States District Judge
3 | assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)
4 | days after being served with these findings and recommendations, Plaintiff may file written
5 | objections with the court.  Such document should be captioned "Objections to Magistrate Judge's
6 | Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file
7 | objections within the specified time may waive the right to appeal the District Court's order.
8 | *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**SO ORDERED**.

DATED: March 17, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE