UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN A. SEWELL,

          Plaintiff,

    v.

FRANKLIN CREDIT MANAGEMENT
CORPORATION; BOSCO CREDIT, LLC;
and PRESTIGE DEFAULT SERVICES,
LLC,

          Defendants.

No.  2:24-cv-1788-TLN-SCR

ORDER AND
FINDINGS AND RECOMMENDATIONS

Plaintiff Marvin Sewell is proceeding pro se in this action, which was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  This action concerns a dispute about Plaintiff's mortgage and a foreclosure process.  Defendants' motion to dismiss all eleven claims in Plaintiff's First Amended Complaint ("FAC") (ECF No. 47) and motion to expunge *lis pendens* (ECF No. 48) are pending before the Court.  For the reasons stated below, the Court recommends the motion to dismiss be granted without leave to amend as to the second, fifth, sixth, seventh, ninth, and tenth causes of action, but denied as to the rest.  The Court further recommends granting the motion to expunge *lis pendens*, contingent on dismissal of the sixth, ninth, and tenth claims.

////

1

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff commenced this action on June 17, 2024, by filing a Complaint in the Sacramento County Superior Court.  ECF No. 1 at 5.  Defendants removed the case to this Court on June 25, 2024.  ECF No. 1.  After the Court granted in part Defendants' motion to dismiss the original Complaint (ECF Nos. 25, 29), Plaintiff filed an FAC on January 26, 2026 (ECF No. 37).  The Court struck this FAC and ordered Plaintiff to file one that was "complete without reference or reliance on any prior pleadings or filings."  ECF No. 43.  The operative FAC was filed on March 11, 2026.  ECF No. 45.

The FAC alleges that in October 2006, Plaintiff executed a $65,000 Mortgage Loan Note and Deed of Trust ("Loan") secured by his property at 8217 Oakbriar Circle, Elk Grove, CA 95758 ("Property").  ECF No. 45 at 3, 13-14.  The Deed of Trust ("DOT") securing the Loan, which was a junior lien, required written notice to the Property address unless Plaintiff specified another address.  *Id.* at 3-4.  The original creditor, Cal State 9 Credit Union ("Cal State 9"), has since ceased operations.  *Id.* at 5, 14.

When a reconveyance of the Loan was recorded in 2009, Plaintiff reasonably relied on this and believed that the junior lien had been extinguished.  *Id.* at 3-4, 15.  When Plaintiff obtained a modification of his first mortgage loan for the Property from Wells Fargo, he further relied on its finding that no second lien existed on the Property.  *Id.* at 4, 21.

In June 2017, Defendant Bosco Credit, LLC ("Bosco"), recorded a cancellation of the reconveyance, which held that the reconveyance was recorded in error and that the Loan was again valid and enforceable.  *Id.* at 18-19.  The FAC alleges that for the next six years and eight months, Plaintiff did not see the Loan on his credit reports or receive periodic statements, collection notices, or other communications about it.  *Id.* at 4-5.  Nor can Plaintiff confirm that Cal State 9 ever sent him any notice of servicing transfer for the Loan to Bosco, given that Loan payments were made via automatic ACH withdrawal until the reconveyance.  *Id.* at 5.  The FAC therefore categorizes the Loan as a "zombie second mortgage."  *Id.*

While the FAC does not mention Bosco's next actions, judicially noticeable documents show that on June 13, 2019, Bosco filed a lawsuit against Plaintiff Sewell and other potential

2

claimants to the Property in Sacramento County Superior Court.  *See Bosco Credit, LLC, v. Marvin A. Sewell*, Case No. 34-2019-00258500 ("*Bosco*") (ECF No. 47-1 at 7-69).[1]  Bosco's complaint alleged that Bosco was assigned the DOT in 2008, that the 2009 reconveyance of the DOT was "erroneous," and that "[u]pon discovery of the recording of the" erroneous reconveyance in 2017, Bosco rescinded that reconveyance.  ECF No. 47-1 at 13.  Bosco asserted the following causes of action: (1) cancellation of instruments, to cancel the erroneous reconveyance, (2) quiet title, to clarify that the DOT "remains a valid and enforceable lien against the Property and the underlying Loan remains unpaid," and (3) declaratory relief, so that Bosco "may ascertain its rights and duties" with respect to the DOT and the defendants in *Bosco*, including Plaintiff Sewell.  *Id*. at 15-17.  On April 13, 2023, based on a motion for summary judgment previously granted against Plaintiff Sewell in *Bosco*, the Superior Court entered judgment (the "Judgment") against Plaintiff Sewell.  *Id*. at 70-78.  The Judgment included the following orders, among others: (1) that "the Full Reconveyance recorded on January 15, 2009"—the reconveyance to Plaintiff Sewell—"is null, void, and hereby cancelled"; and (2) that "the Second Deed of Trust"—the DOT at issue in the instant action—"is a valid and enforceable lien against the Property as of October 23, 2006, the date it was first recorded[.]"  *Id*. at 75.

Returning to the allegations of the FAC, on February 5, 2024, Defendants generated an account statement for $183,206.48.  ECF No. 45 at 5, 31.  Instead of sending it to the Property address, Defendants mailed it to an outdated address Plaintiff had not used since 2009-10.  *Id.* at 5-6.  Plaintiff instead learned of the statement only after filing a complaint with the Consumer Financial Protection Bureau.  *Id.* at 6.  In any case, this was the first statement Plaintiff had received since the reconveyance.  *Id.*

Two days later, a Notice of Default ("NOD") asserting a total debt of $204,075.25 was recorded.  *Id.* at 6, 27.  Rather than mailing this to Plaintiff, Defendants posted it onto the Property itself.  *Id.* at 6.  Prior to the posting of the NOD, Defendants had not provided an itemization or other explanation for the asserted amount.  *Id.* at 6.

---

[1]  The Court formally discusses Defendants' Request for Judicial Notice concerning filings in the *Bosco* case below.

A Trustee's sale of the Property occurred on June 27, 2024, where Bosco itself purchased the Property for the exact amount of $259,009.36 owed at that point. *Id.* at 6-7, 29. The FAC alleges, however, that without a clear chain of title demonstrating that Defendants had the authority to enforce the Loan, the foreclosure sale is void. *Id.* at 7.

The FAC asserts claims for (1) breach of contract for failure to provide proper notice under the DOT before acceleration and foreclosure (*id.* at 8); (2) negligence in the servicing of the Loan and the foreclosure (*id.*); (3) breach of the covenant of good faith and fair dealing as to the DOT (*id.*); (4) violations of Regulation Z for failure to routinely disclose amounts owed during servicing of the Loan (*id.*); (5) violation of Cal. Civil Code §§ 2924 and 2924c for recording the NOD without providing meaningful notice or itemization of the alleged debt under the Loan (*id.* at 9); (6) wrongful foreclosure for statutory noncompliance and lack of authority (*id.*); (7) violation of Cal. Civil Code § 2924.13 for failure to follow the required procedural safeguards before foreclosing on long-dormant junior liens, like certification before penalty of perjury (*id.* at 7, 9); (8) violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*, which prohibits any unlawful and unfair business practices (*id.* at 10); (9) cancellation of the NOD and Trustee's Deed Upon Sale to Bosco (*id.*); (10) quiet title of the Property to Plaintiff as of June 27, 2024 (*id.*); and (11) declaratory relief as to whether the foreclosure sale is void (*id.*). Between these claims, Plaintiff seeks quiet title to the Property and an injunction setting aside the Trustee's Sale, NOD, and Trustee's Deed to the Property. *Id.* at 11. Plaintiff also seeks statutory and equitable relief, including restitution under the UCL, plus allowable fees and costs. *Id.*

On April 8, 2026, Defendants moved to dismiss every cause of action in this FAC (ECF No. 47) and to expunge the Notice of Pendency of Action recorded by Plaintiff as to the Property (ECF No. 48). Plaintiff filed a consolidated opposition on April 21, 2026. ECF No. 51. On May 7, 2026, Plaintiff also filed a Notice of Supplemental Facts in support of the consolidated opposition. ECF No. 52. That Notice concerns Plaintiff's recently-filed motion to set aside a 2023 state court judgment against him in *Bosco Credit, LLC, v. Marvin A. Sewell*, Case No. 34-2019-00258500 (Sacramento Cty. Sup. Ct.).

The Court heard both of Defendants' motions via Zoom on June 4, 2026, after which it

4

granted the parties leave to file three-page briefs as to whether any of the exceptions to the tender rule apply to the sixth, ninth, and tenth claims of the FAC.  ECF No. 56.  The parties were explicitly enjoined from using these briefs "to relitigate any other issue raised in Defendants' motions."  *Id.*  Plaintiff filed his brief on June 5, 2026, and Defendants filed theirs on June 11, 2026.  ECF Nos. 57-58.[2]

**LEGAL STANDARD**

### I.    Motion to Dismiss

A defendant may move to dismiss a claim under Rule 12(b)(6) if the allegation "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  This standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense," *Iqbal*, 556 U.S. at 679, and to "draw all reasonable inferences in favor of the nonmoving party."  *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (internal quotation marks omitted).  Stating a claim "requires more than labels and conclusions, and a formulaic recitation of the elements."  *Twombly*, 550 U.S. at 555.

On a Rule 12(b)(6) motion, the court may consider all materials incorporated into the complaint by reference, as well as evidence properly subject to judicial notice.  *Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617-18 (9th Cir. 2022).  "Ultimately, dismissal is proper under Rule 12(b)(6) if it appears beyond doubt that the non-movant can prove no set of facts to support its claims."  *Boquist*, 32 F.4th at 773–74 (internal citation and quotation marks

---

[2]  Plaintiff also moved for leave to file a response to Defendants' additional brief, asserting that Defendants raised "additional arguments" therein.  ECF No. 59.  Plaintiff's request will be denied; however, any arguments beyond the scope of additional briefing that the Court authorized will not be considered.

omitted) (cleaned up).  A pro se plaintiff's factual allegations are interpreted liberally on a 12(b)(6) motion, and the court must apply a less stringent pleading standard than if the plaintiff was represented by counsel.  *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

The court may dismiss for failure to state a claim when the allegations of the complaint and judicially noticeable materials establish an affirmative defense or other bar to recovery, such as the expiration of the statute of limitations.  *See Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *see also Goddard v. Google Inc.*, 640 F. Supp. 2d 1193, 1199, n. 5 (N.D. Cal. 2009) (noting that "affirmative defenses routinely serve as a basis for granting Rule 12(b)(6) motions where the defense is apparent from the face of the [c]omplaint").  However, dismissal under Rule 12(b)(6) is improper if the allegations of the complaint and judicially noticeable materials concerning the defense raise disputed issues of fact. *ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam)).

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *In re Doe*, 58 F.3d 494, 497 (9th Cir. 1995)).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

## II.      Motion to Expunge Lis Pendens

Under California law, a court may expunge a *lis pendens* for real property upon motion of an interested party if "the pleading on which the notice is based does not contain a real property claim."  Cal. Code. Civ. P. § 405.31; *Goens v. Bond*, 437 F.Supp.3d 793, 797 (S.D. Cal. 2020).  A real property claim is one that, if meritorious, could affect title to or right to possession of specific real property.  Cal. Code Civ. P. § 405.4(a).  The "claimant"—defined as the proponent of the potential real property claim—has the burden of proof in resisting a motion to expunge.  Cal. Code Civ. P. §§ 405.1, 405.30.  If the motion to expunge is granted, the court shall also award the prevailing party reasonable attorney's fees unless "the other party acted with substantial

justification or…other circumstances make the imposition of attorney's fees and costs unjust." Cal. Code Civ. P. § 405.38.

**ANALYSIS**

**I.      Judicial Notice**

Defendants request judicial notice of (1) an Assignment of the DOT recorded on July 14, 2008 (ECF No. 47-1 at 4-6); (2) the Complaint in the *Bosco* case, filed in the Sacramento County Superior Court on June 13, 2019 (ECF No. 47-1 at 7-69); (3) the Judgment entered against Plaintiff in *Bosco* on April 13, 2023 (ECF No. 47-1 at 70-78); (4) the NOD recorded on February 7, 2024 (ECF No. 47-1 at 79-84); (5) the Notice of Trustee's Sale recorded on May 24, 2024 (ECF No. 47-1 at 85-87); (6) the Trustee's Deed upon Sale recorded July 25, 2024 (ECF No. 47-1 at 88-91); and (7) Plaintiff's Notice of the Pendency of Action recorded in June 2024 and filed in this action later that month (ECF No. 47-1 at 92-98).[3]

A court may judicially notice facts when they are "not subject to reasonable dispute because," *inter alia*, they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  This includes property documents that are recorded with the county clerk, *see Hotel Emples. & Rest. Emples. Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 977-78 (N.D. Cal. 2005); a court's own records, *see Hayes v. Woodford*, 444 F.Supp.2d 1127, 1136-37 (S.D. Cal. 2006); and another court's orders or filings in related proceedings, *see Residence Mut. Ins. Co. v. Travelers Indem. Co. of Conn.*, 26 F.Supp.3d 965, 970 (C.D. Cal. 2014).  Defendants' requests for judicial notice are granted, but the Court will not credit as true for purposes of adjudicating these motions "disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

**II.     Breaches of Contract and Covenant of Good Faith and Fair Dealing (First and Third Causes of Action)**

The elements of a claim for breach of contract are "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (Cal.

---

[3] The Motion to Expunge *Lis Pendens* mirrors these requests.  ECF No. 48-1.

2011) (citing *Reichert v. General Ins. Co.,* 68 Cal.2d 822, 830 (Cal. 1968)).  Aside from its express terms, every contract includes an implied covenant of good faith and fair dealing, wherein the parties agree not to "do anything which will injure the right of the other to receive the benefits of the agreement."  *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 573 (Cal. 1973) (quoting *Comunale* v. *Traders & General Ins. Co*. 50 Cal.2d 654, 658 (Cal. 1958)).  The purpose of the contract will dictate the "precise nature and extent of the duty imposed by" the implied covenant. *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal.3d 809, 818 (Cal. 1979).  Critically, however, while the implied covenant requires fairness in the application of contract terms, it cannot alter those terms to prohibit something that is normally allowed.  *Guz v. Bechtel National, Inc.*, 24 Cal.4th 317, 327 (Cal. 2000).  A claim for breach of the implied covenant also fails if based on the same allegations as a direct claim for breach of contract.  *Id.*

Defendants first argue that the DOT is not a contract upon which Plaintiff can pursue contract-based claims.  ECF No. 47 at 6.  However, the Court already rejected this argument when ruling on the motion to dismiss the original Complaint.  ECF No. 51 at 2 (citing ECF No. 25 at 8).  Defendants provide no reason to revisit this holding, as they cite only the same unpublished opinions that the Court previously considered and declined to follow.  *Compare* ECF No. 47 at 6 (citing *Faria v. PNC Bank Nat'l Ass'n*, No. 2:23-cv-02023-DAD-CSK, 2024 WL 1623419, at *6 (E.D. Cal. Apr. 15, 2024); *Carter v. Sables, LLC*, No. 3:17-cv-00594-MMDWGC, 2017 WL 6328157, at *4 (D. Nev. Dec. 11, 2017)) *with* ECF No. 35 at 8 (finding both *Faria* and *Carter* unpersuasive in light of *Hatch v. Collins*, 225 Cal.App.3d 1104, 1111 (Cal. App. Ct. 1990)).

Defendants then argue that the FAC does not articulate sufficient facts as to their breach of the DOT, specifically what "notice" Defendants failed to provide thereunder.  ECF No. 47 at 6 (citing ECF No. 45 at 8).  Plaintiff's burden on this point is minimal.  The copy of the DOT attached to the *Bosco* complaint requires that any notice "in connection with" the DOT be either sent via first class mail or actually delivered to the Property address, unless Plaintiff had previously specified another address.  ECF No. 47-1 at 27; *see also* ECF No. 25 at 8 (noting that this portion of the DOT was attached to the original Complaint).  Multiple notices referenced in

the FAC would be "in connection with" the Loan and therefore the DOT.  Of these, the only one for which service may have been adequate was the NOD.  Although it was never mailed to Plaintiff, the FAC admits that it was "delivered" to the Property insofar as he found it posted there.  ECF No. 45 at 6.

Aside from the NOD, however, the FAC references several documents that Plaintiff plainly should have received.  Most notably, rather than sending a February 2024 account statement to the Property address, Defendants purportedly sent it to an outdated address such that Plaintiff learned about it only later, from unrelated sources.  ECF No. 45 at 5-6, 31.  This also raises the question of how this was the only statement Plaintiff ever received at all given that the reconveyance was cancelled in 2017.  *Id.* at 18-19.  The Adjustable Rate Rider attached to the DOT required Plaintiff to receive "periodic statement[s]" as long as he owed an outstanding amount on the Loan.  ECF No. 47-1 at 35.  At minimum, ten months passed between the April 2023 judgment in *Bosco* upholding the cancellation (ECF No. 47-1 at 75) and the February 2024 account statement (ECF No. 45 at 31).  Sending only one statement in this timeframe would seemingly not qualify as "periodic."

Plaintiff has adequately pled potential breaches of the DOT and the covenant of good faith and fair dealing that attaches to all contracts.

**III.    Negligence (Second Cause of Action)**

"In order to prove facts sufficient to support a finding of negligence, a plaintiff must show that the defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." *Hayes v. Cnty. of San Diego*, 57 Cal.4th 622, 629 (Cal. 2013) (alterations omitted).

Citing *Dooms v. Federal Home Loan Mortg. Corp.*, Defendants argue that because lending money is an arms-length transaction, a lender does not owe a borrower a duty of care that can give rise to a negligence claim.  ECF No. 47 at 7 (citing 2011 WL 1232989, at *11 (E.D. Cal. Mar. 31, 2011)).  Plaintiff does not address this argument and therefore concedes it.  The FAC fails to articulate a claim for negligence, which should therefore be dismissed.

////

## IV.    Regulation Z (Fourth Cause of Action)

Regulation Z, codified at 12 C.F.R. § 226.1, *et seq*., and 12 C.F.R. § 1026.41, *et seq*., implements the federal Truth in Lending Act ("TILA").  The FAC asserts that Defendants failed to provide routine account information required by Regulation Z until a regulatory inquiry compelled them to do so.  ECF No. 45 at 8-9.  Defendants argue that this does not provide adequate notice of what provisions of Regulation Z they purportedly violated.  ECF No. 47 at 8 (citing *Finley v. Kondaur Capital Corp.,* 909 F.Supp.2d 969, 981 (W.D. Tenn. 2012)).  However, *Finley* offers limited guidance here.  It was not clear that dismissal in that case turned solely on the failure to specify the nature of the TILA violation.  The court also noted that the latest possible violation occurred outside the one-year statute of limitations for Regulation Z claims. *Finley*, 909 F.Supp.2d at 980-81 (citing 15 U.S.C. § 1640(e)).  Accordingly, *Finley* does not establish a clear rule concerning the pleading Regulation Z claims that the Court will follow here.

Plaintiff is correct, meanwhile, that the nature of the TILA violations in this case is self-evident in light of his allegations that Defendant failed to provide periodic statements and accurate disclosures.  ECF No. 51 at 4-5, 37.  Under the TILA, a servicer is required to provide monthly statements with information like the amount due, a breakdown of how much of it is applied to the principal versus the interest, any amounts past due, and the amount of any late payments to be assessed if the current amount due is not paid by the due date. 12 C.F.R. § 1026.41(a), (e).  Here the FAC alleges that Plaintiff did not receive a single monthly statement from the cancellation of the DOT's reconveyance until February 2024.  ECF No. 45 at 4. Because the judgment cancelling the conveyance was entered in *Bosco* in April 2023 (ECF No. 47-1 at 75), Defendants failed to provide at least nine monthly statements.  That Defendants purportedly mailed the February 2024 statement to an address noncompliant with the DOT (*see* ECF No. 45 at 5-6) suggests another violation of the TILA.

Although Plaintiff should have specified that Defendants violated 12 C.F.R. § 1026.41, the failure to do so is not fatal to his fourth claim.

## V.    Violations of California Civil Code §§ 2924 and 2924c (Fifth Cause of Action)

The FAC alleges that Defendants recorded the NOD without providing any explanation or

itemization of the alleged debt, which far exceeded the $65,000 Loan principal. ECF No. 45 at 5, 9. Plaintiff asserts that this conduct violated California Civil Code §§ 2924(a)(l), 2924b, and 2924c(b)(l). *Id.* at 9.

Sections 2924(a)(1) and 2924c(b)(1) require any recorded NOD to include specific information or statements. The original Complaint also included claims that this information was missing from the NOD. ECF No. 1 at 16-19. Defendants' motion to dismiss those claims incorporated a copy of the NOD, which in fact included the required information and disclaimers. ECF No. 25 at 6 (citing ECF Nos. 6 at 6, 6-1 at 4-5). Between this and Plaintiff's failure to respond to this argument, the Court granted Defendants' motion to dismiss these claims without leave to amend. ECF No. 25 at 6 (citing ECF No. 9 at 8).

Defendants argue that such dismissal precludes Plaintiff from reasserting the current claim. ECF No. 47 at 8. Plaintiff does not address this argument except by saying in an unprompted "Summary of Key Rebuttal" that Defendants' "non-communication and improper enforcement" support this claim. ECF No. 51 at 38. The cited statutes, however, only identify specific information that must be in either a notice of default (Cal. Civil Code §§ 2924(a)(l), 2924c(b)(l)) or a formal request for a copy of one (Cal. Civil Code § 2924b). The latter is not at issue here, and the former was covered by the Court's order on the prior motion to dismiss.

The claim raised under California Civil Code § 2924 and § 2924c should be dismissed.

**VI.    Retroactivity of Zombie Mortgage Protections (Seventh Cause of Action)**

The FAC claims that the foreclosure of the Property occurred without Defendants following the safeguards provided to borrowers under California Civil Code §2924.13. ECF No. 45 at 9. Defendant argues that because statute did not take effect until June 30, 2025, almost a year after the foreclosure sale was recorded,[4] it does not apply to any of the conduct at issue in this action. ECF No. 47 at 12-13.

Plaintiff's opposition includes an email exchange between himself and a staff member of

---

[4] The motion misstates the sale date as July 24, 2025, almost one month after California Civil Code § 2924.13 took effect. ECF No. 47 at 13. Both the FAC and the motion, however, include copies of the Trustee's Deed Upon Sale showing that it was recorded on July 25, 2024. ECF Nos 45 at 29, 47-1 at 89.

11

the California State Assembly regarding AB 130, the assembly bill that added section 2924.13 to the California Civil Code. ECF No. 51 at 25-26. Plaintiff asked how this bill affected "Zombie 2nd Mortgage loans that originated prior to and during the 2008 housing crisis." *Id.* at 26. In response, the staffer responded that all such information was "contained within the text of the statute" before summarizing it, with the caveat that her email did not constitute legal advice as to how this would apply to any particular situation. *Id.* at 25-26. Plaintiff seems to rely on this email as evidence that the law has retroactive effect such that the protections therein apply to his 2006 Loan. *See* ECF No. 45 at 3, 14.

The question is not whether AB 130 applies generally to the Loan, which originated in 2006. Rather, the question is whether it provides a retroactive cause of action. Nothing in Civil Code § 2924.13 suggests that Plaintiff may seek to reverse the sale of the Property based on conduct that did not violate the law at the time said conduct occurred. Any claim Plaintiff raises under Civil Code section 2924.13 should therefore be dismissed.

**VII.    Property Claims (Sixth, Ninth, and Tenth Causes of Action)**

Defendants address Plaintiff's claims for wrongful foreclosure, cancellation of instruments, and quiet title in a single section of the motion to dismiss. ECF No. 47 at 8-12. Defendants' motion to expunge *lis pendens* further argues that these are the only claims for which relief could include return of title to the Property if Plaintiff were to prevail. ECF No. 48 at 8. A claim for wrongful foreclosure, or for quiet title based on a theory of wrongful foreclosure, requires allegations "(1) [of] an illegal, fraudulent, or willfully oppressive sale of the property pursuant to a power of sale in a mortgage or deed of trust; (2) [that] plaintiff suffered prejudice or harm; and (3) [that] plaintiff tendered the amount of the secured indebtedness or was excused from tendering." *Chavez v. Indymac Mortgage Servs.*, 219 Cal.App.4th 1052, 1062 (Cal. Ct. App. 2013); *Miles v. Deutsche Bank National Trust Co.,* 236 Cal.App.4th 394, 408 (Cal. Ct. App. 2015).

Defendants correctly note that Plaintiff does not "allege any facts to suggest compliance with the 'tender' requirement" of a wrongful foreclosure/quiet title claim. ECF No. 47 at 10. Rather, Plaintiff alleged that he was "excused" from the tender requirement "because the sale [of

the Property] is void due to the lack of authority and statutory noncompliance." ECF No. 35 at 9. In opposition to Defendants' motion to dismiss, Plaintiff responded only briefly that, "[a] foreclosure is wrongful where conducted without proper authority," and "[t]ender is not required where a foreclosure is void or inequitable." ECF No. 51 at 5 (citing *Miles*, 236 Cal.App.4th at 408; *Turner v. Seterus, Inc.,* 27 Cal.App.5th 516, 525–526 (Cal. Ct. App. 2018)).

The Court first addresses Plaintiff's contention that Defendants lacked authority to conduct the foreclosure sale, before turning to Plaintiff's other contentions about the tender requirement and equitable considerations. Plaintiff is precluded from challenging Defendants' authority to undertake the foreclosure sale—which is effectively a challenge to the validity and enforceability of the DOT—because in *Bosco* the Sacramento County Superior Court held Bosco's interest in the DOT to be enforceable.[5] ECF No. 47 at 11 (citing ECF No. 47-1 at 75). "Collateral estoppel precludes the relitigation of an issue only if (1) the issue is identical to an issue decided in a prior proceeding; (2) the issue was actually litigated; (3) the issue was necessarily decided; (4) the decision in the prior proceeding is final and on the merits; and (5) the party against whom collateral estoppel is asserted was a party to the prior proceeding or in privity with a party to the prior proceeding." *Zevnik v. Superior Court*, 159 Cal.App.4th 76, 82 (Cal. Ct. App. 2008). As to the validity and enforceability of the DOT, the *Bosco* litigation and Judgment satisfy the elements of collateral estoppel. Plaintiff may not relitigate Bosco's right to enforce the DOT in the instant action.

Plaintiff's original opposition conceded that the *Bosco* judgment involved adjudication of whether the 2009 reconveyance should be cancelled and the DOT enforceable. ECF No. 51 at 4. At the time, he argued that the resulting estoppel does not extend to Defendants' failure to communicate with Plaintiff after reinstatement of the Loan, including by not sending account statements to the approved address before recording an NOD. *Id.* However, Defendants' purported failure to provide monthly statements to Plaintiff about the Loan, which underlies

---

[5] Plaintiff's Notice of Supplemental Facts concerns Plaintiff's motion to set aside the judgment in *Bosco*. ECF No. 52 at 5. However, the judgment against Plaintiff in *Bosco* remains final for present purposes.

Plaintiff's claim under Regulation Z, does not suggest that the DOT itself is void on its face or that the foreclosure sale was invalid. *See supra* Section IV.

The Court now turns to Plaintiff's arguments about the tender requirement and equitable considerations. The FAC itself does not include allegations as to equitable considerations that might excuse the failure to tender the amount owed. Accordingly, the FAC fails to state a claim for wrongful foreclosure, cancellation of instruments, and quiet title. However, that does not end the Court's inquiry, because Plaintiff asserts there are other grounds—not included in the FAC— that excuse the failure to tender the amount owed. Given lenient leave-to-amend standards that apply to pro se litigants, Plaintiff should be granted leave to amend these claims if he could assert facts showing that tender should be excused.

Equitable exceptions to the tender requirement include the following:

> "(1) where the borrower's action attacks the validity of the underlying debt, tender is not required since it would constitute affirmation of the debt; [citations] (2) when the person who seeks to set aside the trustee's sale has a counter-claim or set-off against the beneficiary, the tender and the counter-claim offset each other and if the offset is greater than or equal to the amount due, tender is not required; [citations] (3) a tender may not be required if it would be 'inequitable' to impose such a condition on the party challenging the sale; [citations] (4) tender is not required where the trustor's attack is based not on principles of equity but on the basis that the trustee's deed is void on its face (such as where the original trustee had been substituted out before the sale occurred)[;] [citations] [(5)] when the loan was made in violation of substantive law, or in breach of the loan agreement or an agreement to modify the loan[;] [citations] [and (6) ] when the borrower is not in default and there is no basis for the foreclosure [citations]." (5 Miller & Starr, Cal. Real Estate (4th ed. 2017) § 13:256, pp. 13-1101 to 13-1102, fns. omitted.)

*Turner v. Seterus, Inc.*, 27 Cal.App.5th 516, 525–526, (Cal. Ct. App. 2018). Plaintiff's supplemental brief invokes two purported exceptions: "[] the amount allegedly owed remains disputed; and [] other equitable considerations render strict application of the rule inappropriate." ECF No. 57 at 1 (citing *Lona v. Citibank, N.A.*, 202 Cal.App.4th 89, 112-13 (Cal. Ct. App. 2011)).[6]

Plaintiff asserts two sets of facts to support the applicability of these exceptions. First, Plaintiff contends that the amount owed under the DOT is disputed, based primarily on the substantial difference between the original $65,000 line of credit, a statement sent to the CFPB

---

[6] Plaintiff is reminded to "pincite" his citations by providing the precise pages of opinions that support his argument.

reflecting a total amount due of $139,926, and the $204,000 asserted in an NOD in 2024.  ECF No. 57 at 2.  Plaintiff asserts those "figures reflect substantial accruals of interest, fees, penalties, advances, and other charges[,]" and that he did not receive "meaningful periodic statements, accountings, payment histories, or servicing communications" about those amounts.  *Id*.  However, the *Lona* case that Plaintiff cites does not purport to identify a dispute about the amount owed to be an exception to the tender requirement.  Nor is the Court aware of any cases that recognize such an exception.  As Defendants note, at least one case—albeit a relatively ancient one—found that when a plaintiff is undeniably indebted to the defendant, a dispute as to the amount owed does not create an exception to the tender rule.  ECF No. 58 at 3 (quoting *Wilbur v. Griffins*, 56 Cal.App. 668, 678 (Cal. Ct. App. 1922)).[7]

Plaintiff's other contentions are that he came close to tendering an acceptable amount, but for Defendants' conduct.  ECF No. 57 at 2.  Plaintiff was able to obtain financing for the $177,000 that Defendants then said would resolve the matter.  ECF No. 57 at 2.  The title company and escrow, however, required restoration of title before release of the loan proceeds.  *Id*.  Defendants, in turn, refused to restore the title until after Plaintiff paid the $177,000.  *Id*.  The lender withdrew because of Defendants' refusal to negotiate on this point, and Plaintiff argues that strict application of the tender rule would therefore be inequitable.  *Id*.

As Defendants argue, however, "the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction."  ECF No. 58 at 2; *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439 (Cal. Ct. App. 2003) (quoting *Gaffney v. Downey Savings & Loan Assn.*, 200 Cal.App.3d 1154, 1165 (Cal. Ct. App. 1988)).  In other words, "a party cannot place conditions upon a tender."  *Gaffney*, 200 Cal.App.3d at 1168.  Plaintiff effectively placed a condition on the $177,000 tender offer – release of the Property before Defendants receive the money rather than after.  If the Court were to rule that applying the tender rule is inequitable here,

---

[7] While a counterclaim exceeding the amount owed is a recognized exception, even assuming the claims in this case would qualify as "counter-claims" under the tender rule, Plaintiff does not assert that any damages he might obtain through the claims in the FAC would exceed the amount he owed under the DOT.  *See* ECF No. 45 at 11; ECF No. 57 at 2.

it would be creating an exception that cannibalizes the rule.[8]

The undersigned therefore finds that Plaintiff's claims for wrongful foreclosure, cancellation of instruments, and quiet title should be dismissed without leave to amend. Without a "property-based" claim, the *lis pendens* should also be expunged.

However, in light of Plaintiff's pro se status and the complex facts and law relevant to the tender requirement, the undersigned believes that the imposition of attorney's fees against Plaintiff as to the *lis pendens* motion would be unjust. *See* ECF No. 48 at 10-11; Cal. Code Civ. P. § 405.38.

## VIII.    Derivative Claims Survive

When a claim is solely derivative of another claim, dismissal of the predicate claim merits dismissal of the derivative claim. For example, the UCL "borrows violations of other laws and treats them as … independently actionable." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (quoting *Cel-Tech Commc'ns, Inc. v. LA. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (Cal. 1999)). The complaint in *Nat'l Funding, Inc. v. Commercial Credit Counseling Servs.* alleged both a standalone claim for intentional interference with contractual relations and a UCL claim based on the same intentional interference. 817 Fed. Appx. 380, 383 (9th Cir. 2020).

Defendant argues that the FAC's UCL claim (ECF No. 45 at 9-10) should be dismissed as derivative of the rest. ECF No. 47 at 14. Because the motion to dismiss should be denied as to several claims (*see supra*), however, it should also be denied as the UCL claim.

## IX.    Declaratory Relief

The FAC's final claim seeks declaratory relief affirming that Defendants' foreclosure sale of the Property was void. ECF No. 45 at 10. Defendants argue that this claim should be dismissed because declaratory relief is only available when a plaintiff has pled "an actual controversy involving justiciable questions relating to [the party's] rights or obligations." ECF

---

[8] The other exceptions in *Lona* concern situations where the plaintiff may owe nothing under the deed of trust. *Lona*, 202 Cal.App.4th at 112-13. When, for example, the borrower either "attacks the validity of the underlying debt" or argues that "the trustee's deed is void on its face[,]" tender is not required. *Id.* (citing *Stockton v. Newman*, 148 Cal.App.2d 558, 564 (Cal. Ct. App. 1957); *Dimock v. Emerald Properties*, 81 Cal.App.4th 868, 878 (Cal. Ct. App. 2000)). Any argument Plaintiff might make under those exceptions is precluded by the Judgment in *Bosco*.

No. 47 at 13; *Jolley v. Chase Home Finance, LLC*, 213 Cal.App.4th 872, 909 (Cal. Ct. App. 2013) (quoting *Wilson & Wilson v. City Council of Redwood City*, 191 Cal.App.4th 1559, 1582 (Cal. Ct. App. 2011)).  As discussed above, some of Plaintiff's claims should live on. Declaratory relief may still be appropriate as to these claims.  The undersigned recommends denying the motion to dismiss as to the claim for declaratory relief.

**X.      Leave to Amend**

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  *See Akhtar*, 698 F.3d at 1213.  As discussed above, the undersigned recommends dismissal of Plaintiff's claims for negligence, violations of California Civil Code section 2924 *et seq.*, violations of California Civil Code section 2924.13, wrongful foreclosure, cancellation of instruments, and quiet title.  No additional facts can cure the reasons for such dismissal.  Leave to amend should therefore be denied as to these claims.

**CONCLUSION**

Accordingly, Plaintiff's request for leave to file a brief response to Defendants' supplemental brief (ECF No. 59) is DENIED.

Moreover, **IT IS HEREBY RECOMMENDED THAT**:

1. Defendants' Motion to Dismiss (ECF No. 47) be:

    a. GRANTED as to the second, fifth, sixth, seventh, ninth, and tenth causes of action WITHOUT LEAVE TO AMEND;

    b. DENIED as to the first, third, fourth, eighth, and eleventh causes of action.

2. Defendants' Motion to Expunge *Lis Pendens* (ECF No. 48) be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

*Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 25, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

18