UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN A. SEWELL,<br>Plaintiff,<br><br>v.<br><br>FRANKLIN CREDIT MANAGEMENT CORPORATION, et al.,<br>Defendants. | No. 2:24-cv-01788-TLN-SCR<br><br>**ORDER** |

This matter is before the Court on Plaintiff Marvin A. Sewell's ("Plaintiff") Motion for Limited Reconsideration ("Motion") of the Court's August 4, 2026 Order ("Order"). (ECF No. 67.) Defendants Franklin Credit Management Corporation ("Franklin"), Bosco Credit, LLC, and Prestige Default Services, LLC (collectively "Defendants") did not file an opposition. For the reasons set forth below, the Court DENIES Plaintiff's Motion.

///

///

///

///

///

## I. Factual and Procedural Background

This is a civil action concerning Plaintiff's mortgage and a foreclosure related to that mortgage. (ECF No. 45.) Plaintiff, proceeding pro se, alleges he executed a home equity line of credit ("HELOC") in 2006 secured by a deed of trust against his property. (*Id.* at 3.) According to Plaintiff, a full reconveyance was recorded in 2009 releasing the lien from the HELOC deed of trust. (*Id.*) Defendants caused the reconveyance to be canceled in 2017. (*Id.* at 4.) Plaintiff did not receive meaningful communications regarding the HELOC from approximately 2009 to early 2024. (*Id.* at 5.) In February 2024, Defendants sent a statement regarding the mortgage to a P.O. box Plaintiff had not used since 2009 or 2010. (*Id.* at 5–6.) Defendants subsequently recorded a Notice of Default. (*Id.* at 6.) Plaintiff became aware of the foreclosure when foreclosure paperwork was physically posted at the property. (*Id.*) In his First Amended Complaint ("FAC"), Plaintiff brought causes of action for: (1) breach of contract; (2) negligence; (3) breach of the covenant of good faith and fair dealing; (4) violations of Regulation Z; (5) violations of §§ 2924 and 2924c of the California Civil Code; (6) wrongful foreclosure; (7) violation of § 2924.13 of the California Civil Code; (8) unfair competition in violation of § 17200 of the California Business and Professions Code; (9) cancellation of instruments; (10) quiet title; and (11) declaratory relief. (*Id.* at 7–10.)

Defendants moved to dismiss all causes of action in the FAC. (ECF No. 47.) On June 25, 2026, the assigned magistrate judge issued findings and recommendations recommending Defendants' motion be granted in part. (ECF No. 61.) Specifically, the findings and recommendations recommended the FAC's second, fifth, sixth, seventh, ninth, and tenth causes of action be dismissed without leave to amend and the motion to dismiss be denied as to the FAC's first, third, fourth, eighth, and eleventh causes of action. (*Id.* at 17.) The findings and recommendations also recommended Defendants' motion to expunge the *lis pendens* over the contested property be granted. (*Id.*) Plaintiff timely filed objections on July 6, 2026. (ECF No. 64.) On August 4, 2026, this Court adopted the findings and recommendations in full. (ECF No. 66.) Plaintiff filed the instant Motion on August 10, 2026, to request reconsideration of the Court's Order dismissing without leave to amend his seventh and ninth causes of action and

granting Defendants' motion to expunge the *lis pendens*. (ECF No. 67.)

## II. STANDARD OF LAW

A court may reconsider an interlocutory or non-final order under its inherent powers and Rule 54(b).[1] *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)); *see also* Fed. R. Civ. P. 54(b). In the Ninth Circuit, "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Santa Monica Baykeeper*, 254 F.3d at 885 (internal quotation marks and emphasis omitted) (quoting *Melancon*, 659 F.2d at 553). Under Rule 54(b), "reconsideration is appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice." *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) (citing *Sch. Dist. No. 1J Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Local Rule 230(j) requires a party filing a motion for reconsideration to set forth "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."[2] E.D. Cal. L.R. 230(j)(3)–(4).

## III. ANALYSIS

Plaintiff argues for reconsideration based on new evidence he says he obtained two days

---

[1] Plaintiff argues without opposition that the Order is interlocutory and falls under Rule 54(b). (ECF No. 67 at 3.) The Court agrees. Rules 59(e) and 60(b), which contemplate reconsideration of final judgments and orders, do not apply here. Under Rule 59(e), a party may seek "to alter or amend a judgment," and Rule 60(b) applies to "a final judgment, order, or proceeding." Fed. R. Civ. P. 59(e), 60(b). Here, the Order is neither a judgment nor a final order. Accordingly, the instant Motion properly seeks relief under Rule 54(b) and pursuant to the Court's inherent power. *Santa Monica Baykeeper*, 254 F.3d at 885.

[2] Plaintiff contends he complied with Local Rule 230(I) in seeking reconsideration. (ECF No. 67 at 3.) Assuming Plaintiff refers to Local Rule 230(j), the Court agrees with Plaintiff. Here, Plaintiff lays out each item of requested information. (ECF No. 67 at 3–4.) Plaintiff thus properly followed Local Rule 230(j).

after the Court entered the Order. (ECF No. 67 at 2.) Plaintiff states that in connection with his complaint to a state administrative agency, Franklin produced home equity statements dated between April 2023 and July 2024 that identified Plaintiff's former P.O. box in Elk Grove as his mailing address. (*Id.* at 3–4.) Of particular concern for Plaintiff is the ZIP code listed for the P.O. box in these statements. (*Id.* at 4.) According to Plaintiff, on August 6, 2026, he learned from a United States Postal Service employee that the listed ZIP code is a ZIP code for Sacramento, not Elk Grove, where he maintained his P.O. box. (*Id.* at 4–5.) Plaintiff submits that this new evidence bears on his allegation that he did not receive periodic communications prior to foreclosure and on his claims that Defendants failed to comply with their statutory and contractual obligations. (*Id.* at 2.) In light of this information, Plaintiff requests the Court reinstate his seventh and ninth causes of action or, in the alternative, grant him leave to amend the property-based causes of action.[3] (*Id.* at 10.) Plaintiff contends he should be allowed to further develop the relationship between Defendants' allegedly unlawful conduct and the completed foreclosure before the claims are dismissed without leave to amend. (*Id.* at 7.) Because the Order's grant of the motion to expunge the *lis pendens* followed from its dismissal of all property-based claims, including the ninth cause of action, Plaintiff also requests the Court reconsider its disposition of the *lis pendens* motion. (*Id.* at 9.)

The Court does not find sufficient cause to reconsider its Order based on Plaintiff's proffered newly discovered evidence. As a preliminary matter, the Court finds the P.O. box address is not new information because Plaintiff's FAC included as an exhibit a statement from Franklin addressed to the P.O. box mailing address with the purportedly incorrect ZIP code he claims to have only recently discovered. (*Compare* ECF No. 45 at 31 (showing Franklin home equity statement dated February 5, 2024, addressed to a P.O. box in Elk Grove with ZIP code 95824), *with* ECF No. 67 at 19–20 (showing Franklin home equity statements addressed to same

---

[3] The Court notes Plaintiff states he seeks reconsideration of his seventh cause of action but describes that cause of action as being for wrongful foreclosure, which is the FAC's sixth cause of action. (ECF No. 67 at 1–2, 10.) Because the Court's analysis applies equally to all the dismissed causes of action, to the extent Petitioner seeks to revive his sixth cause of action, that request is denied for the same reasons explained herein.

P.O. box with ZIP code 95824).) Moreover, the findings and recommendations the Order adopted in full repeatedly refer to the February 2024 statement addressed to that P.O. box. (ECF No. 61 at 9–10.) Accordingly, the address to which Franklin mailed home equity statements is not new information warranting reconsideration. *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987) ("Evidence is not 'newly discovered' under the Federal Rules if it was in the moving party's possession . . . or could have been discovered with reasonable diligence.").

Plaintiff's discovery of the ZIP code discrepancy between the mailing address on the statements and his former P.O. box also does not weigh in favor of reconsideration. As found above, Plaintiff knew of the February 2024 statement addressed to the P.O. box with the incorrect ZIP code when he filed his FAC. (ECF No. 45 at 31.) As a result, Plaintiff had information in his possession at the time he filed the FAC showing the ZIP code discrepancy. Plaintiff's belated discovery that the ZIP code on the home equity statements Franklin sent to the P.O. box seemingly was incorrect is not sufficient cause to reconsider the Order. *Coastal Transfer Co.*, 833 F.2d at 212. The Court therefore declines to reconsider its dismissal of the seventh and ninth causes of action without leave to amend.

The Court notes the findings and recommendations discussed whether Plaintiff received statements at the February 2024 statement's listed mailing address when analyzing the first, third, and fourth causes of action. (ECF No. 61 at 9–10.) In contrast, the disposition of the causes of action for which Plaintiff seeks reconsideration — the seventh and ninth causes of action, as well as the property-based sixth and tenth causes of action — did not turn on whether Plaintiff received statements from Franklin. (ECF No. 61 at 11–16; ECF No. 67 at 10 (requesting the seventh and ninth causes of action be reinstated or leave to amend "the property-based causes of action").) Plaintiff therefore fails to explain why the mailing address in the Franklin statements would change the Court's analysis for the causes of action at issue in the instant Motion. Accordingly, Plaintiff fails to demonstrate why reconsideration is warranted as to these claims.

The Court further denies reconsideration of its Order with respect to the motion to expunge the *lis pendens*. With all property-based claims remaining dismissed without leave to

amend, there is no reason to reconsider the granted motion to expunge *lis pendens*. (ECF No. 61 at 16.)

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Limited Reconsideration. (ECF No. 67.) This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

DATE: November 9, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE